SUTTON, J.,
concurring in large part and dissenting in small part. I concur in all but the last part of Judge White’s thorough and persuasive opinion.
As to the last part: A district court may impose costs on the losing party by rule (Civil Rule 54(d)(1)) with respect to items established by statute (28 U.S.C. § 1920). See Taniguchi v. Kan Pac. Saipan, Ltd., - U.S. -, 132 S.Ct. 1997, 2001, 182 L.Ed.2d 903 (2012). Section 1920 identifies twelve taxable costs: “clerk” fees, “marshal” fees, fees for “printed” transcripts, fees for “electronically recorded transcripts,” “printing” fees, “witness[]” fees, “exemplification” fees, fees for “making copies of any materials,” “[d]ocket fees,” fees for “court appointed experts,” fees for “interpreters,” and last of all fees for “special interpretation services.” Missing from that list is the cost of renting a conference room to take a deposition. Under Taniguchi, that’s all there is to it: Conference-room rental fees do not count as taxable costs.
In reaching a contrary decision, the majority concludes that recovery of these conference-room rental fees should be permitted because the room rental saved the losing party two types of costs — witness fees and associated travel costs — that otherwise could have been taxed. Reasonable as that may sound, this approach creates three problems.
One, it is “Congress’s province,” not ours, to add a new item to § 1920’s already lengthy list of taxable costs. See EEOC v. Abercrombie & Fitch Stores, Inc., - U.S. -, 135 S.Ct. 2028, 2033, 192 L.Ed.2d 35 (2015).
Two, what may appear reasonable today may not look so reasonable tomorrow. “In for a penny in for a pound,” the next court may say, permitting all conference-room rental fees to be taxed as costs no matter the explanation — just like the other twelve items listed in § 1920. Or perhaps the next court will permit such costs only when they mitigate “otherwise taxable [witness] travel costs” recoverable under § 1920(3), as today’s court does. Supra at 943. The former approach adds words, but not a limiting explanation, to the statute. The latter approach adds still more words to § 1920(3), leaving us with this addendum: “fees for conference-room rental (so *944 long as the cost was incurred to save other costs recoverable under this section).” Inelegance is the least of our worries at that point. The reason for enumerating this “modest” and “narrow” set of cost-shifting options, Taniguchi, 132 S.Ct. at 2006 — and for permitting “[a] judge or clerk” to impose the costs, 28 U.S.C. § 1920 (emphasis added) — is to create a simple, mechanical, and easy-to-rmplement process because the stakes (under $400 today) usually are so low. Sec generally Taniguchi, 132 S.Ct. at 2006; cf. In re Cardizem CD Antitrust Litig., 481 F.3d 355, 359 (6th Cir.2007) (noting that costs are typically taxed “as a matter of course” by the clerk of court). A functional approach to cost shifting is anything but easy and mechanical.
Three, if functionalism works for conference-room rental fees, why not for other substitutes? I see no reason why the majority’s analysis would not apply to all of § 1920’s subsections, turning everyday cost calculations into exercises in cost swapping — imposing unidentified costs on the losing party whenever the winning party claims they saved identified costs. Could an attorney offset all or some of the cost of purchasing the most recent gadget because it reduced “the costs of making copies” and “transcripts”? 28 U.S.C. § 1920(2), (4). Could an attorney recover the cost of Rosetta Stone software to avoid interpreters’ fees? § 1920(6). The list goes on. Only imagination, as opposed to a carefully itemized -list of twelve taxable costs, will limit the reach of what may be taxed, undermining the text of § 1920 and its purpose to boot.
The majority seeing things differently, I respectfully dissent from this one part of its decision.